**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GEORGE THOMAS, | : | CIVIL ACTION NO. _____ |
| | : | |
| Plaintiff, | : | Removed Case No.: 180302012 |
| | : | (COURT OF COMMON PLEAS |
| vs. | : | PHILADELPHIA COUNTY, PA |
| | : | CIVIL ACTION) |
| SYSCO CORPORATION, SYSCO | : | |
| PHILADELPHIA, LLC, TURNER | : | |
| CONSTRUCTION CO., AND CROWN | : | |
| EQUIPMENT CORPORATION, | : | |
| | : | |
| Defendants. | : | |

**NOTICE OF REMOVAL**

To:   United States District Court for the Eastern District of Pennsylvania:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and any other applicable laws, Defendant Crown Equipment Corporation ("Crown") hereby removes the action entitled *George Thomas vs. Sysco Corporation, et al.*, Case No. 180302012, from the Court of Common Pleas for Philadelphia County, Pennsylvania. Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of all pleadings, process and orders served to date in the Philadelphia County action, is attached hereto as Exhibit A.

As grounds for removal, Crown hereby states the following:

**I.   INTRODUCTION**

1.   This case arises from injuries Plaintiff George Thomas ("Plaintiff") alleges he received while operating a forklift manufactured by Crown.

2. On or about March 19, 2018, Plaintiff filed a Complaint in the Court of Common Pleas, Philadelphia County, Pennsylvania.

3. Plaintiff brings claims against Defendants sounding in negligence and as to Defendant Crown, strict liability.

## II. REMOVAL TO THIS JUDICIAL DISTRICT IS PROPER AND TIMELY

4. As stated above, Plaintiff filed a Complaint in the Court of Common Pleas, Philadelphia County, Pennsylvania on or about March 19, 2018.

5. Plaintiffs served Crown Equipment Corporation on March 22, 2018.

6. This Notice of Removal is filed on behalf of Crown and is being effected within thirty days of receipt of the Complaint.

7. Plaintiff served Defendant Turner Construction Company ("Turner") with the Complaint on March 23, 2018.

8. Turner joins in and consents to this Notice of Removal, as required under 28 U.S.C. § 1441 (b)(2)(A).

9. No proceedings have yet occurred in the Philadelphia County action, and as reflected in the Philadelphia County docket, the only pleadings or papers that have been filed in this case are Preliminary Objections filed on behalf of fraudulently joined defendant entities Sysco Corporation and Sysco Philadelphia, LLC ("Sysco"), which are discussed in greater detail below. The complete record in the Philadelphia County action is included in Exhibit A.

10. Removal to this District is proper because the Court of Common Pleas, Philadelphia County resides within the District Court for the Eastern District of Pennsylvania. *See* 28 U.S.C. § 118.

11. Crown bases removal on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## III. STATUTORY BASIS FOR JURISDICTION

12. Removal of this action is proper under 28 U.S.C. § 1441. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as it is a civil action between citizens of different states in which the amount-in-controversy exceeds the sum of $75,000, exclusive of interests and costs.

13. "The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006). Where, absent a fraudulently joined non-diverse defendant, complete diversity would exist, removal thus remains a valid option.

### A. Complete Diversity Exists Between the Parties

14. Plaintiff George Thomas is a citizen of Pennsylvania. Compl. at ¶ 1.

15. Under 28 U.S.C. § 1441(b), removal on the basis of diversity jurisdiction is permitted where no "properly joined and served" defendant is a citizen of the state in which the action was brought.

16. Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

17. Crown is, and at the time of the filing of this action was, an Ohio corporation with its principal place of business in Ohio. Crown, therefore, is a citizen of Ohio.

18. Upon information and belief, Turner is, and at the time of the filing of this action was, a New York company with its principal place of business in New York. Turner, therefore, is a citizen of New York.

19. Neither Defendant Crown nor Defendant Turner is a citizen of Pennsylvania. No other Defendants have been properly joined and served.

20. The Sysco entities named in Plaintiff's Complaint are not, and cannot, be properly joined in this matter. Plaintiff alleges that he was injured in the course of his employment at Sysco. Compl. at ¶¶ 6-10, 13. As set forth in the Preliminary Objections filed by Sysco in the Philadelphia County action, Sysco accepted Plaintiff's alleged work injuries, issuing a Notice of Compensation Payable to Plaintiff and commencing payment of Workers' Compensation wages and medical benefits pursuant to Sysco's obligations under the Pennsylvania Workers' Compensation Act, 77 P.S. § 1 *et seq.* Sysco P.O.s at ¶ 12.

21. Because the Pennsylvania Workers' Compensation Act is the sole and exclusive means of recovery against an employer for injuries arising out of accidents that occur within the course of employment, Plaintiff cannot subsequently pursue a negligence-based claim against Sysco, and Sysco is not a proper party to this suit. *See* 77 P.S. § 481(a); Sysco P.O.s at ¶¶ 28-31.

22. Where complete diversity would exist but for the presence of fraudulently joined defendants, removal is appropriate. *In re Briscoe*, 448 F.3d at 216. Joinder is fraudulent if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Id. See also Cook v. Pep Boys-Mannie, Moe & Jack, Inc.*, 641 F. Supp. 43, 47 (E.D. Pa. 1985) (joinder of employer was fraudulent where Pennsylvania Workers' Compensation Act

barred the plaintiff-employee's action, and thus, presence of non-diverse employer in state court complaint would not defeat diversity).

23. Because the Pennsylvania Workers' Compensation Act bars Plaintiff's claims against Sysco here, Plaintiff's joinder of Sysco in this matter is fraudulent, and its citizenship is not considered in determining whether diversity existed at the time the complaint was filed. *In re Briscoe*, 448 F.3d at 216.

24. Because Plaintiff and all properly joined and served Defendants are citizens of different states, there is complete diversity of citizenship for jurisdiction purposes.

**B.     Amount in Controversy**

25. Plaintiff's Complaint does not specifically quantify the amount of damages they seek.

26. Where the complaint does not specify the amount of damages sought, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

27. Because Plaintiff seeks compensation for all resulting harms and losses allegedly arising out of his accident, including the amputation of his left leg, Plaintiff's claim for damages exceeds the requisite amount in controversy for the purpose of diversity jurisdiction under 28 U.S.C. § 1332(a). *See* Compl. at ¶ 22.

**IV.    NOTICE IS BEING SENT TO PLAINTIFF AND FILED IN STATE COURT**

28. Pursuant to 28 U.S.C. § 1446(d), Crown shall give Plaintiff written notice of the filing of this Notice of Removal.

29. Pursuant to 28 U.S.C. § 1446(d), Crown shall file the written notice of the filing of this Notice of Removal with the Prothonotary of the Court of Common Pleas, Philadelphia County, Pennsylvania, attaching as Exhibit A thereto a copy of this Notice of Removal and the documents attached to this Notice of Removal.

WHEREFORE, Defendant Crown Equipment Corporation hereby gives notice that the above-entitled state court action, formerly pending in the Court of Common Pleas, Philadelphia County, Pennsylvania, be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Dated: April 20, 2018

*[signature]*

**GOODELL, DEVRIES, LEECH & DANN, LLP**
Thomas J. Cullen, Jr. (*pro hac vice* to be filed)
One South Street, 20th Floor
Baltimore, MD 21202
Phone: (410) 783-4000
Fax: (410) 783-4040
tjc@gdldlaw.com
And
Margaret C. O'Neill (PA Id. No. 306676)
2001 Market Street, Suite 3700
Philadelphia, PA 19103
Phone: (267) 765-3600
Fax: (267) 765-3636
moneill@gdldlaw.com

*Attorneys for Defendant*
*Crown Equipment Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing to be served via electronic and U.S. Mail on April 20, 2018 on the following:

LAW OFFICE OF LEON AUSSPRUNG LLC
Leon Aussprung
John E. Hockenberry
1429 Walnut Street, Suite 300
Philadelphia, PA 19102
*Counsel for Plaintiff*

CIPRIANI & WERNER
David G. Volk
Ernest F. Koschineg
450 Sentry Parkway, Suite 200
Blue Bell, PA 19422
*Counsel for Turner Construction Company*

MORGAN & AKINS LLC
Mark T. Gallagher
The Graham Building
30 S. 15th Street, Suite 701
Philadelphia, PA 19102
*Counsel for Sysco Corp and Sysco Philadelphia LLC*

*/s/ MHON/*

**GOODELL, DEVRIES, LEECH & DANN, LLP**
Margaret C. O'Neill (PA Id. No. 306676)
2001 Market Street, Suite 3700
Philadelphia, PA 19103
Phone: (267) 765-3600
Fax: (267) 765-3636
moneill@gdldlaw.com

*Attorneys for Defendant*
*Crown Equipment Corporation*