# EXHIBIT A

 **The Philadelphia Courts Civil Docket Access**

 No Items in Cart  **LOGOUT**  moneill3
**Civil Docket Report**
A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

**Case ID:** 180302012
**Case Caption:** THOMAS VS SYSCO CORPORATION ETAL
**Filing Date:** Monday , March 19th, 2018
**Court:** MAJOR JURY-STANDARD
**Location:** City Hall
**Jury:** JURY
**Case Type:** PERSONAL INJURY - OTHER
**Status:** WAITING TO LIST CASE MGMT CONF

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

| Motion | Assign/Date | Control No | Date/Received | Judge |
|---|---|---|---|---|
| PRELIMINARY OBJECTIONS | *pending* | 18041310 | 10-APR-2018 | NEW, ARNOLD L |

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | HOCKENBERRY, JAMES E |
| **Address:** 1429 WALNUT STREET SUITE 300 PHILADELPHIA PA 19102 (267)809-8250 | | **Aliases:** | *none* | |

| 2 | 1 | | PLAINTIFF | THOMAS, GEORGE |
|---|---|---|---|---|
| **Address:** | 7656 SHERWOOD RD PHILADELPHIA PA 19151 | **Aliases:** | *none* | |

| 3 | 9 | | DEFENDANT | SYSCO CORPORATION |
|---|---|---|---|---|
| **Address:** | 1390 ENCLAVE PKWY HOUSTON TX 77077-2099 | **Aliases:** | *none* | |

| 4 | 9 | | DEFENDANT | SYSCO PHILADELPHIA LLC |
|---|---|---|---|---|
| **Address:** | 600 PACKER AVE PHILADELPHIA PA 19148-5304 | **Aliases:** | *none* | |

| 5 | 10 | | DEFENDANT | TURNER CONSTRUCTION COMPANY |
|---|---|---|---|---|
| **Address:** | 375 HUDSON ST 6TH FLOOR NEW YORK NY 10014 | **Aliases:** | *none* | |

| 6 | 12 | | DEFENDANT | CROWN EQUIPMENT CORPORATION |
|---|---|---|---|---|
| **Address:** | 44 S WASHINGTON ST NEW BREMEN OH 45869 | **Aliases:** | *none* | |

| 7 | 1 | | ATTORNEY FOR PLAINTIFF | AUSSPRUNG, LEON |
|---|---|---|---|---|
| **Address:** | 1429 WALNUT ST SUITE 300 PHILADELPHIA PA | **Aliases:** | *none* | |

| | | | |
|---|---|---|---|
| | 19102<br>(267)809-8250 | | |

| 8 | | TEAM LEADER | NEW, ARNOLD L |
|---|---|---|---|
| **Address:** | 606 CITY HALL<br>PHILADELPHIA PA<br>19107<br>(215)686-7260 | **Aliases:** | *none* |

| 9 | | ATTORNEY FOR<br>DEFENDANT | GALLAGHER, MARK<br>T |
|---|---|---|---|
| **Address:** | MORGAN & AKINS<br>LLC<br>THE GRAHAM<br>BUILDING<br>30 S 15TH ST SUITE<br>701<br>PHILADELPHIA PA<br>19102<br>(215)634-9292 | **Aliases:** | *none* |

| 10 | | ATTORNEY FOR<br>DEFENDANT | VOLK, DAVID G |
|---|---|---|---|
| **Address:** | 450 SENTRY<br>PARKWAY<br>SUITE 200<br>BLUE BELL PA<br>19422<br>(610)567-0700 | **Aliases:** | *none* |

| 11 | 10 | ATTORNEY FOR<br>DEFENDANT | KOSCHINEG,<br>ERNEST F |
|---|---|---|---|
| **Address:** | CIPRIANI &<br>WERNER<br>450 SENTRY<br>PARKWAY<br>SUITE 200<br>BLUE BELL PA<br>19422<br>(610)567-0700 | **Aliases:** | *none* |

| 12 | | | ATTORNEY FOR DEFENDANT | ONEILL, MARGARET C |
|---|---|---|---|---|
| **Address:** | GOODELL, DEVRIES, LEECH & DANN TWO COMMERCE SQUARE 2001 MARKET ST, SUITE 3700 PHILADELPHIA PA 19103 (267)765-3603 | **Aliases:** | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 19-MAR-2018 08:00 AM | ACTIVE CASE | | | 19-MAR-2018 09:30 AM |
| **Docket Entry:** | E-Filing Number: 1803041330 | | | |
| | | | | |
| 19-MAR-2018 08:00 AM | COMMENCEMENT CIVIL ACTION JURY | HOCKENBERRY, JAMES E | | 19-MAR-2018 09:30 AM |
| **Documents:** | Final Cover | | | |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 19-MAR-2018 08:00 AM | COMPLAINT FILED NOTICE GIVEN | HOCKENBERRY, JAMES E | | 19-MAR-2018 09:30 AM |
| **Documents:** | Complaint.pdf | | | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | | |
| | | | | |
| 19-MAR-2018 08:00 AM | JURY TRIAL PERFECTED | HOCKENBERRY, JAMES E | | 19-MAR-2018 09:30 AM |
| **Docket Entry:** | 12 JURORS REQUESTED. | | | |

| 19-MAR-2018 08:00 AM | WAITING TO LIST CASE MGMT CONF | HOCKENBERRY, JAMES E | | 19-MAR-2018 09:30 AM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |

| 19-MAR-2018 09:58 AM | ENTRY OF APPEARANCE-CO COUNSEL | AUSSPRUNG, LEON | | 19-MAR-2018 10:10 AM |
|---|---|---|---|---|
| **Documents:** | EOA - LA.pdf | | | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF LEON AUSSPRUNG AS CO-COUNSEL FILED. (FILED ON BEHALF OF GEORGE THOMAS) | | | |

| 06-APR-2018 12:18 PM | AFFIDAVIT OF SERVICE FILED | HOCKENBERRY, JAMES E | | 06-APR-2018 12:21 PM |
|---|---|---|---|---|
| **Documents:** | Affidavit of Service for Deft Sysco Corporation.pdf | | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON SYSCO CORPORATION BY CERTIFIED MAIL,FIRST CLASS REGULAR MAIL ON 03/23/2018 FILED. (FILED ON BEHALF OF GEORGE THOMAS) | | | |

| 06-APR-2018 12:20 PM | AFFIDAVIT OF SERVICE FILED | HOCKENBERRY, JAMES E | | 06-APR-2018 12:21 PM |
|---|---|---|---|---|
| **Documents:** | Affidavit of Service for Deft Crown Equipment Corporation.pdf | | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON CROWN EQUIPMENT CORPORATION BY CERTIFIED MAIL,FIRST CLASS REGULAR MAIL ON 03/22/2018 FILED. (FILED ON BEHALF OF GEORGE THOMAS) | | | |

| 10-APR-2018 12:18 PM | ENTRY OF APPEARANCE | GALLAGHER, MARK T | | 10-APR-2018 12:20 PM |
|---|---|---|---|---|
| **Documents:** | 4.10.18 EOA.pdf | | | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF MARK T GALLAGHER FILED. (FILED ON BEHALF OF SYSCO PHILADELPHIA LLC AND SYSCO CORPORATION) | | | |

| 10-APR-2018 12:18 PM | JURY TRIAL PERFECTED | GALLAGHER, MARK T | | 10-APR-2018 12:20 PM |
|---|---|---|---|---|

| Docket Entry: | 12 JURORS REQUESTED. | | | |
|---|---|---|---|---|
| 10-APR-2018 12:33 PM | PRELIMINARY OBJECTIONS | GALLAGHER, MARK T | | 10-APR-2018 12:38 PM |
| Documents: | Proposed Order.pdf Preliminary Objections.pdf Memo of Law in Support.pdf 4.10.18 Exhibits for Preliminary Objections.pdf | | | |
| Docket Entry: | 10-18041310 PRELIMINARY OBJECTIONS TO TO PLAINTIFF'S COMPLAINT FILED. RESPONSE DATE: 04/30/2018 (FILED ON BEHALF OF SYSCO PHILADELPHIA LLC AND SYSCO CORPORATION) | | | |
| 10-APR-2018 02:01 PM | ENTRY OF APPEARANCE | VOLK, DAVID G | | 10-APR-2018 02:08 PM |
| Documents: | Entry of Appearance.pdf | | | |
| Docket Entry: | ENTRY OF APPEARANCE OF ERNEST F KOSCHINEG AND DAVID G VOLK FILED. (FILED ON BEHALF OF TURNER CONSTRUCTION COMPANY) | | | |
| 10-APR-2018 02:01 PM | JURY TRIAL PERFECTED | VOLK, DAVID G | | 10-APR-2018 02:08 PM |
| Docket Entry: | 12 JURORS REQUESTED. | | | |
| 12-APR-2018 11:44 AM | AFFIDAVIT OF SERVICE FILED | | | 12-APR-2018 01:09 PM |
| Documents: | 146124.01_AFFIDAVIT_403227D2-EDF8-2743-9337-33820D0DC137.pdf | | | |
| Docket Entry: | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON SYSCO PHILADELPHIA LLC BY PERSONAL SERVICE ON 04/06/2018 FILED. | | | |
| 17-APR-2018 07:56 AM | AFFIDAVIT OF SERVICE FILED | HOCKENBERRY, JAMES E | | 17-APR-2018 09:25 AM |
| Documents: | Affidavit of Service for Deft Turner Construction Company.pdf | | | |
| Docket Entry: | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON TURNER CONSTRUCTION COMPANY BY CERTIFIED MAIL ON 04/09/2018 FILED. (FILED ON BEHALF OF GEORGE THOMAS) | | | |

| 18-APR-2018 12:22 PM | ENTRY OF APPEARANCE | ONEILL, MARGARET C | | 18-APR-2018 01:45 PM |
|---|---|---|---|---|
| **Documents:** | ONeill EOA - Thomas.pdf | | | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF MARGARET C ONEILL FILED. (FILED ON BEHALF OF CROWN EQUIPMENT CORPORATION) | | | |

▶ Case Description   ▶ Related Cases   ▶ Event Schedule   ▶ Case Parties   ▶ Docket Entries

E-Filing System      Search Home

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**MARCH 2018**

E-Filing Number 1803041330

**002012**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| GEORGE THOMAS | SYSCO CORPORATION |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 7656 SHERWOOD ROAD PHILADELPHIA PA 19151 | 1390 ENCLAVE PARKWAY HOUSTON TX 77077-2099 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | SYSCO PHILADELPHIA, LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 600 PACKER AVENUE PHILADELPHIA PA 19148-5304 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | TURNER CONSTRUCTION COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 375 HUDSON STREET 6TH FLOOR NEW YORK NY 10014 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 4 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE

20 - PERSONAL INJURY - OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY**<br><br>MAR 19 2018<br><br>**C. MILLER** | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES        NO |
|---|---|---|

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: GEORGE THOMAS

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JAMES E. HOCKENBERRY | 1429 WALNUT STREET SUITE 300 PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (267)809-8250 | (888)800-5731 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 91133 | jh@aussprunglaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| JAMES HOCKENBERRY | Monday, March 19, 2018, 08:00 am |

FINAL COPY (Approved by the Prothonotary Clerk)

COMPLETE LIST OF DEFENDANTS:

1. SYSCO CORPORATION
   1390 ENCLAVE PARKWAY
   HOUSTON TX 77077-2099
2. SYSCO PHILADELPHIA, LLC
   600 PACKER AVENUE
   PHILADELPHIA PA 19148-5304
3. TURNER CONSTRUCTION COMPANY
   375 HUDSON STREET 6TH FLOOR
   NEW YORK NY 10014
4. CROWN EQUIPMENT CORPORATION
   44 SOUTH WASHINGTON STREET
   NEW BREMEN OH 45869

**LAW OFFICE OF LEON AUSSPRUNG MD, LLC**
By:    H. Leon Aussprung, III, MD, Esquire
          Identification No.:  80183
          James E. Hockenberry, Esquire
          Identification No.: 91133
1429 Walnut Street, Suite 300
Philadelphia, PA 19102
267-809-8250 (p)
888-800-5731 (f)                                         *Counsel for Plaintiff*
LA@aussprunglaw.com
JH@aussprunglaw.com

**LAFFEY, BUCCI & KENT, LLC**
By:    Jeffrey F. Laffey, Esquire
          Identification No.: 82284
          V. Paul Bucci, Esquire
          Identification No.: 87394
1435 Walnut Street, 7th Floor
Philadelphia, PA 19102
215-399-9254                                             *Counsel for Plaintiff*
jlaffey@laffeybuccikent.com
pbucci@laffeybuccikent.com

| | |
|---|---|
| GEORGE THOMAS<br>7656 Sherwood Road<br>Philadelphia, PA 19151<br><br>           Plaintiff,<br><br>     vs.<br><br>SYSCO CORPORATION<br>1390 Enclave Parkway<br>Houston, TX 77077-2099<br><br>     and<br><br>SYSCO PHILADELPHIA, LLC<br>600 Packer Avenue<br>Philadelphia, PA 19148-5304<br><br>     and | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>MARCH TERM, 2018<br><br>No.: |

```
TURNER CONSTRUCTION COMPANY
375 Hudson Street, 6th Floor
New York, NY 10014


        and


CROWN EQUIPMENT CORPORATION
44 South Washington Street
New Bremen, OH 45869

            Defendants.
```

## Complaint Civil Action (Negligence)

### "NOTICE"

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property of other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
One Reading Center
1101 Market Street
Philadelphia, Pennsylvania 19107
(215) 238-6333

### "AVISO"

"Le han demandado en corte. Si usted desea defender contra las demandas dispuestas en las páginas siguientes, usted debe tomar la acción en el plazo de veinte (20) días después de esta queja y se sirve el aviso, incorporando un aspecto escrito personalmente o y archivando en escribir con la corte sus defensas u objeciones a las demandas dispuestas contra usted el abogado le advierte que que si usted no puede hacer así que el caso puede proceder sin usted y un juicio se puede incorporar contra usted compra la corte sin aviso adicional para cualquier dinero demandado en la queja o para cualquier otra demanda o relevación pedida por el demandante. Usted puede perder el dinero o la característica de otra endereza importante a usted.

USTED DEBE LLEVAR ESTE PAPEL SU ABOGADO INMEDIATAMENTE. SI USTED NO HACE QUE UN ABOGADO VAYA A O LLAME POR TELÉFONO La OFICINA DISPUESTA ABAJO. ESTA OFICINA PUEDE PROVEER DE USTED LA INFORMACIÓN SOBRE EMPLEAR A UN ABOGADO. SI USTED NO PUEDE PERMITIRSE AL HIRE A UN ABOGADO, ESTA OFICINA PUEDE PODER PROVEER DE USTED LA INFORMACIÓN SOBRE LAS AGENCIAS QUE LOS SERVICIOS JURÍDICOS DE LA OFERTA DE MAYO A LAS PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO O NINGÚN HONORARIO

SERVICIO DE REFERENCIA LEGAL
One Reading Center
1101 Market Street
Filadelfia, Pennsylvania 19107
Teléfono (215) 238-6333

Case ID: 180302012

1.      Plaintiff George Thomas, (hereafter "Plaintiff" and/or "Mr. Thomas"), is an adult individual residing at 7656 Sherwood Road, Philadelphia, PA 19151.

2.      Defendant Sysco Corporation, (hereafter "Sysco"), is a corporation, partnership, limited liability company, fictitious name, and/or similar entity organized and/or existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 1390 Enclave Parkway, Houston, Texas.

3.      Defendant Sysco Philadelphia, LLC, (hereafter "Sysco Philadelphia"), is a corporation, partnership, limited liability company, fictitious name, and/or similar entity organized and/or existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 1390 Enclave Parkway, Houston, Texas.

4.      Defendant Turner Construction Company, ("Turner"), is a corporation, partnership, limited liability company, fictitious name, and/or similar entity organized and/or existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 375 Hudson Street, 6th Floor, New York, New York.

5.      Defendant Crown Equipment Corporation, (hereafter "Crown"), is a corporation, partnership, limited liability company, fictitious name, and/or similar entity organized and/or existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 44 South Washington Street, New Bremen, Ohio.

Case ID: 180302012

6.      On 7/1/2016 Plaintiff was working as a forklift operator at a warehouse owned, operated, under the dominion of, and/or controlled by defendants Sysco and Sysco Philadelphia, at 600 Packer Avenue, Philadelphia, Pennsylvania.

7.      As of 7/1/2016, the warehouse located at 600 Packer Avenue, Philadelphia, Pennsylvania, where Plaintiff was operating a forklift was owned and/or leased and/or under the dominion of and/or in the possession of and/or operated and/or controlled by and/or maintained by and/or the responsibility of defendants Sysco and/or Sysco Philadelphia.

8.      Specifically, defendant Sysco lists Sysco Philadelphia located at 600 Packer Avenue, Philadelphia, Pennsylvania as one of its 148 locations on its website. http://www.sysco.com/about-sysco/our-locations.html.

9.      On 7/1/2016 Plaintiff began his shift at approximately 7 a.m. and was scheduled to work until approximately 3:30 p.m.

10.      The warehouse in which Plaintiff was working is split into three (3) sections that include a freezer section, cooler section, and dry goods section.

11.      Said warehouse was designed, constructed, and/or renovated by defendant Turner prior to 7/1/2016.

12.      For most of the day on 7/1/2016 Plaintiff was working in the cooler area and at approximately 2 p.m. he was directed to begin working in the dry goods area.

13.      As he was operating his forklift, which forklift was designed, manufactured, supplied, and/or placed in the stream of commerce by defendant Crown, in aisle DY of the dry goods section of the warehouse, and after placing a load

Case ID: 180302012

of goods onto the racks, began to back up, at which point the forklift he was operating struck a concrete and/or metal pole crushing his left leg, which ultimately required amputation.

14.    At all times relevant hereto, defendants herein, jointly and/or severally, owed a duty to inspect, maintain, repair, clean and otherwise be responsible for the aforesaid premises, to provide a safe and hazard free environment and otherwise be responsible for the aforesaid premises so that same would be safe for use by patrons, and/or persons operating forklifts and/or invitees and/or members of the general public, including Plaintiff.

15.    Defendants herein, jointly and/or severally, knew and/or should have known of the said dangerous, insecure and therefore defective conditions and the likelihood that same would cause injuries to patrons, person operating forklifts, invitees and/or members of the general public lawfully on the aforesaid premises in the absence of adequate safety measures.

16.    On or about 7/1/2016, and for a long time prior thereto, defendants Sysco and/or Sysco Philadelphia and/or Turner, jointly and/or severally, did allow the premises and its environs to be and remain in a dangerous, insecure and therefore defective condition which thereby created an unreasonable hazard to persons lawfully on defendants' premises.

17.    At all times material hereto, the area which plaintiff was walking on defendants' premises was under the exclusive dominion and control of defendants herein, jointly and/or severally.

Case ID: 180302012

18. The circumstances under which plaintiff was injured were such that said injuries to plaintiff could not have occurred on said premises except by defendants' negligence.

19. The aforesaid accident resulted solely from the negligence and carelessness of defendants herein, jointly and/or severally, and in no manner whatsoever to any act or failure to act on the part of plaintiff.

### COUNT I – NEGLIGENCE
### GEORGE THOMAS V. SYSCO, SYSCO PHILADELPHIA, AND TURNER CONSTRUCTION COMPANY

20. Plaintiff, George Thomas, incorporates herein by reference paragraphs one through nineteen, inclusive, as though same were set forth at length.

21. The negligence and carelessness of defendants Sysco and/or Sysco Philadelphia, and/or Turner, jointly and/or severally, consisted of the following:

    a.    failing to inspect, correct or have corrected, repair or protect the premises from dangerous and/or hazardous conditions existing in the area used by persons operating forklifts, said conditions existing for a long time prior to the date of the accident;

    b.    allowing dangerous conditions to exist which defendants knew or should have known created a dangerous hazard to persons operating forklifts, including the design and/or layout of the dry goods aisles and/or obstructions in the dry goods aisles;

    c.    allowing latent and hidden dangerous conditions to exist on defendants' premises;

d.  allowing a dangerous condition to exist in permitting the use of forklifts that had been used in the cooler and/or freezer to be used in the dry goods section and thereby creating condensation and therefore wet conditions in which to operate said forklifts;

e.  failure to properly and adequately maintain the premises, in particular, the aforesaid dry good aisles, warehouse, and forklifts;

f.  failure to warn forklift operators of the dangerous, hazardous and unsafe conditions on the premises as aforesaid, including, but not limited to, the dangers of using forklifts in the dry good section of the warehouse following their use in the cooler and/or freezer and failing to warn of dangerous obstructions within the dry goods aisles;

g.  failure to take reasonable precautions against the dangerous, hazardous and unsafe conditions of the premises;

h.  failure to provide guards and/or warnings in the area of the dangerous conditions to enable forklift operators safely to operate said forklifts on defendants' premises and/or to lessen the impact of an accident involving forklifts;

i.  failure to provide barricades in the area of the dangerous conditions to prohibit forklift operators to reduce the chance of injuries to such persons resulting from the dangerous

Case ID: 180302012

conditions of the premises, or in the alternative, improperly placing said barricades;

j.    failing to safely and appropriately design and/or layout the warehouse such that it is safe for use by forklift operators;

k.    failure to properly and adequately hire and/or instruct the agents, servants, workmen, employees and/or representatives, of defendants herein, as to safe and proper procedures for inspecting, maintaining, cleaning, correcting and repairing dangerous conditions on defendants' premises, including the dangerous conditions noted *supra* which caused plaintiff's injuries;

l.    failure to provide safe conditions for forklift operators on the premises;

m.    failure to act with due care and regard for the position and safety of others, in particular, plaintiff;

n.    failure to provide and maintain proper supervision of the premises;

o.    failure to provide and maintain proper safety precautions at the premises;

p.    failure to furnish a reasonable number and distribution of safety personnel and safety equipment at the premises;

q.    failure to respond in a timely manner to the insecure or dangerous conditions or situations at the premises;

r.    being otherwise negligent; and,

Case ID: 180302012

s.   such other negligent acts and/or failures to act as may be

discovered during the course of discovery in this action.

22.   As a directly and proximately result of the defendants' negligence and

carelessness as set forth above, Plaintiff suffered the following injuries and losses:

a.   amputation of his left leg;

b.   great pain and suffering;

c.   the need for multiple surgical procedures;

d.   the need for a prosthetic device and prosthetic care for the

remainder of his life;

e.   the for hospitalization;

f.   the need for inpatient rehab;

g.   the need for occupational therapy;

h.   the need for physical therapy;

i.   loss of life's pleasures;

j.   past medical expenses;

k.   future medical expenses;

l.   past lost wages;

m.   future loss of wages;

n.   loss of earning capacity;

o.   damages to his tissues and muscles;

p.   severe emotional distress;

q.   psychological injuries;

Case ID: 180302012

r.   liens for past medical care and wage loss that are recoverable
pursuant to laws of the Commonwealth of Pennsylvania and/or
the United States;

s.   inability to perform tasks of daily living and/or serious
impairment of his ability to perform tasks of daily living;

WHERFORE, Plaintiff, George Thomas, demands judgment in his favor and
against defendants Sysco Corporation and/or Sysco Philadelphia, LLC, and/or Turner
Construction Company and/or Crown Equipment Corporation jointly and/or severally
in an amount in excess of $50,000.

## COUNT II – NEGLIGENCE
### GEORGE THOMAS V. CROWN EQUIPMENT CORPORATION

23.   Plaintiff, George Thomas, incorporates herein by reference paragraphs one
through twenty-two, inclusive, as though same were set forth at length.

24.   The negligence of the Defendant Crown Equipment Corporation herein
consisted, *inter alia*, of the following:

(a)   failure to properly, adequately and safely design the said the forklift
being used by plaintiff on 7/1/2016 and/or the component parts
thereof;

(b)   failure to specify for use and to utilize safe, proper and adequate
materials for the construction of said forklift;

(c)   failure to manufacture the said forklift in a safe and adequate
manner;

Case ID: 180302012

(d)     failure to design, manufacture and/or provide a forklift for safe

use in factories and warehouses, including in the Sysco warehouse

where the accident that is the subject of this Complaint occurred;

(e)     failure to design, manufacture and provide a forklift and/or

associated components of sufficient, proper and adequate size;

(f)     failure to design, manufacture and provide a forklift to be

used in a safe and proper manner to avoid and prevent the risk of

injury to persons as a result of using said forklift in environs such as

the one in which plaintiff herein was injured;

(g)     failure to design and manufacture the said forklift and its integral

components to permit its safe use in warehouse aisles with

obstructions;

(h)     failure to test the said forklift and its component parts in a proper

and adequate manner replicating actual use conditions;

(i)     failure to discover the defect in said forklift when Crown knew

or should have known that such a defect existed;

(j)     failure to advise and/or warn purchasers and/or users with regard

to said forklift's dangers, limitations, and/or safe and appropriate

uses in violation of Restatement (Second) of Torts §388;

    (k)    failure to conduct adequate and appropriate testing of the forklift for

use in warehouses and/or similar environs such as those at issue

herein;

    (l)    placing the forklift on the market without first conducting adequate

testing;

    (m)    failing to fulfill the standard of care required of a reasonable

and/or prudent manufacturer and/or distributor and/or supplier,

and/or designer of a forklift to be used by individuals such as

George Thomas; and,

    (n)    failing to use due care in designing, testing, and evaluating the

forklift at issue herein.

25.    As a direct and proximate result of the negligence and carelessness of

defendant Crown, plaintiff George Thomas suffered the injuries and losses set forth in

¶22 *supra*.

WHERFORE, Plaintiff, George Thomas, demands judgment in his favor and

against defendants Sysco Corporation and/or Sysco Philadelphia, LLC, and/or Turner

Construction Company and/or Crown Equipment Corporation jointly and/or severally

in an amount in excess of $50,000.

COUNT III – STRICT LIABILITY
(RESTATEMENT SECOND OF TORTS §402A)
GEORGE THOMAS V. CROWN EQUIPMENT CORPORATION

26.    Plaintiff, George Thomas, incorporates herein by reference paragraphs one

through twenty-five, inclusive, as though same were set forth at length.

27.     As a result of the unreasonably dangerous and defective condition of the forklift which defendant Crown manufactured, designed, labeled, marketed, distributed, supplied and/or sold, and/or placed into the stream of commerce, it is strictly liable to the Plaintiff pursuant to §402A of the Restatement (Second) of Torts for his injuries and/or losses, as set forth in detail in this Complaint, which they directly and proximately caused, based upon the following:

a)      designing, assembling, manufacturing, supplying, selling and/or distributing a product in a defective condition;

b)      designing, assembling, manufacturing, supplying, selling and/or distributing a product that was unreasonably dangerous to its intended and foreseeable users;

c)      designing, assembling, manufacturing, supplying, selling and/or distributing a product that was not safe for all of its intended and representative uses;

d)      failing to have adequate warnings on the product;

e)      failing to provide proper and adequate warnings to Plaintiff's employer;

f)      failing to provide proper and adequate warnings to ultimate users of the product;

g)      designing, assembling, manufacturing, supplying, selling and/or distributing a product which lacked all necessary safety features to protect users of said product;

h)      designing, assembling, manufacturing, supplying, selling and/or distributing a product with parts/components that could cause serious injuries;

i)      violating applicable local, state, national and/or industry standards pertaining to the proper design, manufacture, supply and/or maintenance of forklifts and/or its component parts;

j)   failing to either know of prior complaints, accidents and/or injuries with the product and/or failing to prevent the same complaints, accidents and injuries from reoccurring;

k)   designing, assembling, manufacturing, supplying, selling, installing and/or distributing a product that was not properly guarded;

l)   failing to provide appropriate safety devices with this product in an attempt to reduce production costs and to increase Defendant's profits;

m)   failing to adequately and properly test said product after its design and/or assembly;

n)   designing, assembling, manufacturing, supplying, selling and/or distributing a product that could accommodate components that were unsafe;

o)   failing to investigate, retain and analyze prior accident information;

p)   designing, assembling, manufacturing, supplying, selling and/or distributing a forklift machine without a safety feature that stops operation of the forklift upon a malfunction;

q)   failing to warn the ultimate users of the forklift with respect to the dangers of said product and how to use the product safely to avoid injury;

r)   failing to design, manufacture, sell and/or supply a forklift with a proper functioning hydraulic system;

s)   failing to design, manufacture, sell and/or supply a forklift with a functioning dead man switch or shut down system for the forklift;

t)   failing to design, manufacture, sell and/or supply a forklift with a proper functioning steering system;

u)   failing to design, manufacture, sell and/or supply a forklift with a proper functioning throttle and/or operating system;

v) failing to adequately and/or properly maintain the forklift involved in Plaintiff's accident;

w) failing to adequately inspect the forklift involved in plaintiff's accident;

x) failing to ensure that necessary safety features were present and operational at the time of Plaintiff's accident;

y) designing, assembling, manufacturing and selling a product that was not safe for its work related purposes;

z) failing to have durable warnings on the products;

aa) Designing, assembling, manufacturing and selling a product which lacked all necessary safety features to protect users of said product against injuries caused by a malfunction, a defective hydraulic system, a defective steering system, a defective throttle and/or a defective deadman's switch;

bb) failing to provide instructions to be followed with regard to use of the product;

cc) designing, assembling, manufacturing and selling a product that was not properly outfitted with fail-safe(s) that would prevent injuries from a malfunction or defective machine and/or operating system and/or components;

dd) designing, manufacturing, assembling or distributing a forklift without a safety feature to prevent hydraulics defects and malfunctions;

ee) designing, manufacturing, assembling or distributing a forklift with defective hydraulics systems and components that control forklift's steering mechanism.

ff) failing to provide proper tools, attachments and accessories to prevent the malfunction of hydraulics; and

gg) acting in disregard of a known risk, that is the risk that users would be injured by the malfunction of the hydraulics components of the forklift while using it and failing to design a forklift in such a way as

Case ID: 180302012

to minimize that risk from occurring in an attempt to reduce production costs and increase defendant's profits.

28.   As the direct result of the said defective condition of forklift, plaintiff George Thomas suffered the injuries and losses set forth in ¶22 *supra*.

WHERFORE, Plaintiff, George Thomas, demands judgment in his favor and against Crown Equipment Corporation in an amount in excess of $50,000.

Respectfully submitted,
**LAW OFFICE OF
LEON AUSSPRUNG MD, LLC**

By:

LEON AUSSPRUNG, MD, ESQUIRE
JAMES E. HOCKENBERRY, ESQUIRE

Dated:   3/19/18

Case ID: 180302012

## VERIFICATION

I, GEORGE THOMAS, make this verification subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities. The attached Civil Action Complaint is based upon information which I have furnished to my counsel, and information which has been gathered by my counsel in preparation for the prosecution of this lawsuit. The language contained in the Civil Action Complaint is that of counsel and not of affiant. I have read or been read the Civil Action Complaint, and to the extent it is based upon information which I have given to my counsel, it is true and correct to the best of my knowledge, information and belief. To the extent that the contents of the Civil Action Complaint are that of counsel, I have relied upon my counsel in making this verification.

GEORGE THOMAS

Dated: March 14, 2018

**LAW OFFICE OF LEON AUSSPRUNG MD, LLC**
By:    H. Leon Aussprung, III, MD, Esquire
        Identification No.: 80183
        James E. Hockenberry, Esquire
        Identification No.: 91133
1429 Walnut Street, Suite 300
Philadelphia, PA 19102
267-809-8250 (p)
888-800-5731 (f)
LA@aussprunglaw.com
JH@aussprunglaw.com

*Counsel for Plaintiff*

**LAFFEY, BUCCI & KENT, LLC**
By:    Jeffrey F. Laffey, Esquire
        Identification No.: 82284
        V. Paul Bucci, Esquire
        Identification No.: 87394
1435 Walnut Street, 7th Floor
Philadelphia, PA 19102
215-399-9254
jlaffey@laffeybuccikent.com
pbucci@laffeybuccikent.com

*Counsel for Plaintiff*

| | |
|---|---|
| GEORGE THOMAS<br><br>        Plaintiff,<br><br>vs.<br><br>SYSCO CORPORATION, SYSCO PHILADELPHIA, LLC, TURNER CONSTRUCTION COMPANY and CROWN EQUIPMENT CORPORATION<br><br>        Defendants. | **COURT OF COMMON PLEAS PHILADELPHIA COUNTY**<br><br>MARCH TERM, 2018<br><br>No.: 2012 |

**ENTRY OF APPEARANCE**

TO THE PROHTONOTARY:

Case ID: 180302012

Kindly enter my appearance on behalf of Plaintiff, George Thomas in the above-captioned matter.

LAW OFFICE OF
LEON AUSSPRUNG MD, LLC

By: _____

LEON AUSSPRUNG, MD, ESQUIRE
Attorney for Plaintiff

Dated: _3/19/18_

Case ID: 180302012

**LAW OFFICE OF LEON AUSSPRUNG MD, LLC**
By:   H. Leon Aussprung, III, MD, Esquire
          Identification No.:  80183
          James E. Hockenberry, Esquire
          Identification No.: 91133
1429 Walnut Street, Suite 300
Philadelphia, PA 19102
267-809-8250 (p)
888-800-5731 (f)
LA@aussprunglaw.com
JH@aussprunglaw.com

*Counsel for Plaintiff*

**LAFFEY, BUCCI & KENT, LLC**
By:   Jeffrey F. Laffey, Esquire
          Identification No.:  82284
          V. Paul Bucci, Esquire
          Identification No.:  87394
1435 Walnut Street, 7th Floor
Philadelphia, PA 19102
215-399-9254
jlaffey@laffeybuccikent.com
pbucci@laffeybuccikent.com

*Counsel for Plaintiff*

| | |
|---|---|
| GEORGE THOMAS<br><br>Plaintiff,<br><br>vs.<br><br>SYSCO CORPORATION, SYSCO PHILADELPHIA, LLC, TURNER CONSTRUCTION COMPANY and CROWN EQUIPMENT CORPORATION<br><br>Defendants. | **COURT OF COMMON PLEAS PHILADELPHIA COUNTY**<br><br>MARCH TERM, 2018<br><br>No.: 2012 |

**PLAINTIFF'S AFFIDAVIT OF SERVICE FOR DEFENDANT, SYSCO CORPORATION**

Case ID: 180302012

I, James E. Hockenberry, Esquire hereby certify and affirm that Defendant, Sysco Corporation was served with Plaintiff's Civil Action Complaint by certified mail on March 23, 2018. A copy of the printout from the USPS website evidencing delivery of said certified mail, and a copy of the correspondence sent, is attached hereto as Exhibit "A".

Respectfully submitted,

By: _____

LEON AUSSPRUNG, ESQUIRE
JAMES E. HOCKENBERRY, ESQUIRE
*Counsel for Plaintiff*

Dated: 4/6/18

Case ID: 180302012

# EXHIBIT "A"

Case ID: 180302012



Law Office of
**Leon Aussprung MD**, LLC

A Physician Attorney in Your Court
Legal Experience / Medical Expertise

1429 Walnut Street, Suite 300
Philadelphia, PA 19102
phone: (267) 809-8250
toll free: (855) 770-0902
fax: (888) 800-5731

Leon Aussprung, M.D., J.D., LL.M.
*LA@AussprungLaw.com*
Admitted in PA & NJ

James Hockenberry J.D.
*JH@AussprungLaw.com*
Admitted in PA & NJ

Irwin L. Lifrak, M.D., J.D.
Admitted in NJ

Charles J. Galvin, J.D.
*CG@AussprungLaw.com*
Admitted in PA & NJ

March 19, 2018

*VIA CERTIFIED MAIL*
*RRR 9414 7102 0082 9689 1254 64*

Sysco Corporation
1390 Enclave Parkway
Houston, TX 77077-2099

    RE:   **George Thomas v. Sysco Corporation, et al**
            **Philadelphia County, CCP; March Term, 2018; No. 2012**

Dear Sir/Madam:

    For service upon you, as a named defendant in this matter, I have enclosed a time-stamped copy of the Civil Action Complaint filed in the above-captioned matter. Please be advised that this mailing constitutes service of process pursuant to Pennsylvania Rules of Civil Procedure.

    Additionally, enclosed are Plaintiff's Request for Production of Documents. Kindly respond to same within the time period allowed by the Pennsylvania Rules of Civil Procedure.

    You should immediately contact your attorney and/or insurance carrier and forward these documents to them so that they may protect your legal rights.

    Very truly yours,

*James E. Hockenberry / db*

JAMES E. HOCKENBERRY

JEH/df
Enclosures

cc:   First Class Mail

Case ID: 180302012

USPS.com® - USPS Tracking® Results

# USPS Tracking®

FAQs  ›  (http://faq.usps.com/?articleId=220900)

## Track Another Package  +

Remove ✕

**Tracking Number:** 9414710200829689125464

Your item was picked up at a postal facility at 7:55 am on March 23, 2018 in HOUSTON, TX 77077.

## ✳ ⊘ Delivered

→ March 23, 2018 at 7:55 am
Delivered, Individual Picked Up at Postal Facility
HOUSTON, TX 77077

**Get Updates** ⌄

---

**Text & Email Updates**                                                    ⌄

---

**Tracking History**                                                         ⌃

**March 23, 2018, 7:55 am**
Delivered, Individual Picked Up at Postal Facility
HOUSTON, TX 77077
Your item was picked up at a postal facility at 7:55 am on March 23, 2018 in HOUSTON, TX 77077.

**March 22, 2018, 6:29 pm**
Notice Left (No Authorized Recipient Available)
HOUSTON, TX 77077

Case ID: 180302012

**March 22, 2018, 10:00 am**
Out for Delivery
HOUSTON, TX 77077

**March 22, 2018, 9:50 am**
Sorting Complete
HOUSTON, TX 77077

**March 22, 2018, 9:36 am**
Arrived at Unit
HOUSTON, TX 77077

**March 21, 2018, 8:38 pm**
Departed USPS Regional Destination Facility
NORTH HOUSTON TX DISTRIBUTION CENTER

**March 21, 2018, 10:55 am**
Arrived at USPS Regional Destination Facility
NORTH HOUSTON TX DISTRIBUTION CENTER

**March 20, 2018, 1:23 am**
Departed USPS Regional Origin Facility
PHILADELPHIA PA DISTRIBUTION CENTER

**March 20, 2018, 12:12 am**
Arrived at USPS Regional Origin Facility
PHILADELPHIA PA DISTRIBUTION CENTER

**March 19, 2018, 10:57 pm**
Accepted at USPS Origin Facility
PHILADELPHIA, PA 19102

**March 19, 2018, 9:16 am**
Shipping Label Created, USPS Awaiting Item
PHILADELPHIA, PA 19102

Case ID: 180302012

---

**Product Information**                                                    ∨

---

See Less ∧

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (http://faq.usps.com/?articleId=220900)**

**The easiest tracking number is the one you don't have to know.**

With Informed Delivery®, you never have to type in another tracking number. Sign up to:

- See images* of incoming mail.

- Automatically track the packages you're expecting.

- Set up email and text alerts so you don't need to enter tracking numbers.

Case ID: 180302012

- Enter USPS Delivery Instructions™ for your mail carrier.

### Sign Up

**(https://reg.usps.com/entreg/RegistrationAction_input?**

*NOTE: Black and white (grayscale) images show the outside, front of letter-sized envelopes and mailpieces that are processed through USPS automated equipment.

**LAW OFFICE OF LEON AUSSPRUNG MD, LLC**
By:    H. Leon Aussprung, III, MD, Esquire
        Identification No.:  80183
        James E. Hockenberry, Esquire
        Identification No.: 91133
1429 Walnut Street, Suite 300
Philadelphia, PA 19102
267-809-8250 (p)
888-800-5731 (f)                                *Counsel for Plaintiff*
LA@aussprunglaw.com
JH@aussprunglaw.com

**LAFFEY, BUCCI & KENT, LLC**
By:    Jeffrey F. Laffey, Esquire
        Identification No.:  82284
        V. Paul Bucci, Esquire
        Identification No.: 87394
1435 Walnut Street, 7th Floor
Philadelphia, PA 19102
215-399-9254                                    *Counsel for Plaintiff*
jlaffey@laffeybuccikent.com
pbucci@laffeybuccikent.com

| | |
|---|---|
| GEORGE THOMAS<br><br>Plaintiff,<br><br>vs.<br><br>SYSCO CORPORATION, SYSCO PHILADELPHIA, LLC, TURNER CONSTRUCTION COMPANY and CROWN EQUIPMENT CORPORATION<br><br>Defendants. | **COURT OF COMMON PLEAS PHILADELPHIA COUNTY**<br><br>MARCH TERM, 2018<br><br>No.: 2012 |

**PLAINTIFF'S AFFIDAVIT OF SERVICE FOR DEFENDANT, CROWN EQUIPMENT CORPORATION**

Case ID: 180302012

I, James E. Hockenberry, Esquire hereby certify and affirm that Defendant, Crown Equipment Corporation was served with Plaintiff's Civil Action Complaint by certified mail on March 22, 2018.  A copy of the printout from the USPS website evidencing delivery of said certified mail, and a copy of the correspondence sent, is attached hereto as Exhibit "A".

Respectfully submitted,

By:    _____

LEON AUSSPRUNG, ESQUIRE
JAMES E. HOCKENBERRY, ESQUIRE
*Counsel for Plaintiff*

Dated: ___4|6|18___

# EXHIBIT "A"

Case ID: 180302012



Law Office of
**Leon Aussprung** MD, LLC
A Physician Attorney in Your Court
Legal Experience / Medical Expertise

1429 Walnut Street, Suite 300
Philadelphia, PA 19102
phone: (267) 809-8250
toll free: (855) 770-0902
fax: (888) 800-5731

Leon Aussprung, M.D., J.D., LL.M.
*LA@AussprungLaw.com*
Admitted in PA & NJ

James Hockenberry J.D.
*JH@AussprungLaw.com*
Admitted in PA & NJ

Irwin L. Lifrak, M.D., J.D.
Admitted in NJ

Charles J. Galvin, J.D.
*CG@AussprungLaw.com*
Admitted in PA & NJ

March 19, 2018

<u>**VIA CERTIFIED MAIL**</u>
*RRR 9414 7102 0082 9689 0975 49*

Crown Equipment Corporation
44 South Washington Street
New Bremen, OH 45869

RE:  **George Thomas v. Sysco Corporation, et al**
<u>**Philadelphia County, CCP; March Term, 2018; No. 2012**</u>

Dear Sir/Madam:

For service upon you, as a named defendant in this matter, I have enclosed a time-stamped copy of the Civil Action Complaint filed in the above-captioned matter. Please be advised that this mailing constitutes service of process pursuant to Pennsylvania Rules of Civil Procedure.

You should immediately contact your attorney and/or insurance carrier and forward this document to them so that they may protect your legal rights.

Very truly yours,

*James E. Hockenberry /JH*

JAMES E. HOCKENBERRY

JEH/df
Enclosure

cc:    First Class Mail

Case ID: 180302012

# USPS Tracking®

FAQs ❯ (http://faq.usps.com/?articleId=220900)

## Track Another Package ✛

**Tracking Number:** 9414710200829689097549

Remove ✕

**On Time**

**Expected Delivery on**

## THURSDAY
# 22 MARCH 2018 ⓘ    by **8:00pm** ⓘ

✳ ✓ **Delivered**

→ March 22, 2018 at 8:30 am
Delivered, To Agent
NEW BREMEN, OH 45869

Get Updates ⌄

Text & Email Updates    ⌄

Tracking History    ⌃

**March 22, 2018, 8:30 am**
Delivered, To Agent
NEW BREMEN, OH 45869
Your item has been delivered to an agent at 8:30 am on March 22, 2018 in NEW BREMEN, OH 45869.

Case ID: 180302012

**March 22, 2018, 7:27 am**
Available for Pickup
NEW BREMEN, OH 45869

**March 22, 2018, 7:17 am**
Sorting Complete
NEW BREMEN, OH 45869

**March 22, 2018, 7:08 am**
Arrived at Unit
NEW BREMEN, OH 45869

**March 21, 2018, 10:53 pm**
Departed USPS Regional Destination Facility
COLUMBUS OH DISTRIBUTION CENTER

**March 21, 2018, 12:25 pm**
Arrived at USPS Regional Destination Facility
COLUMBUS OH DISTRIBUTION CENTER

**March 20, 2018, 12:12 am**
Arrived at USPS Regional Origin Facility
PHILADELPHIA PA DISTRIBUTION CENTER

**March 19, 2018, 10:57 pm**
Accepted at USPS Origin Facility
PHILADELPHIA, PA 19102

**March 19, 2018, 9:03 am**
Shipping Label Created, USPS Awaiting Item
PHILADELPHIA, PA 19102

**Product Information**                                              ∨

Case ID: 180302012

https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=2&text28777=&tLabels   4/4/2018

See Less ∧

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (http://faq.usps.com/?articleId=220900)**

**The easiest tracking number is the one you don't have to know.**

With Informed Delivery®, you never have to type in another tracking number. Sign up to:

- See images* of incoming mail.

- Automatically track the packages you're expecting.

- Set up email and text alerts so you don't need to enter tracking numbers.

- Enter USPS Delivery Instructions™ for your mail carrier.

Case ID: 180302012

USPS.com® - USPS Tracking® Results

**Sign Up**

*NOTE: Black and white (grayscale) images show the outside, front of letter-sized envelopes and mailpieces that are processed through USPS automated equipment.

**(https://reg.usps.com/entreg/RegistrationAction_input?**

Case ID: 180302012

MARK T. GALLAGHER
Attorney I.D. No. 41362
**MORGAN & AKINS, PLLC**
The Graham Building
30 S. 15th Street, Suite 701
Philadelphia, PA 19102
(215) 634-9292
mgallagher@morganakins.com
*Attorneys for Defendant, Sysco Corporation and Sysco Philadelphia, LLC.*



Filed and Attested by the
Office of Judicial Records
10 APR 2018 12:13 pm
M. RUSSO

| | | |
|---|---|---|
| **GEORGE THOMAS** | : | **IN THE COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION – LAW** |
| vs. | : | |
| | : | **MARCH TERM, 2018** |
| **SYSCO CORPORATION, SYSCO** | : | |
| **PHILADELPHIA, LLC, TURNER** | : | **NO. 2012** |
| **CONSTRUCTION COMPANY, and** | : | |
| **CROWN EQUIPMENT** | : | **JURY TRIAL DEMANDED** |
| **CORPORATION** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ENTRY OF APPEARANCE

Kindly enter my appearance as counsel on behalf of Defendant, Sysco Corporation and Sysco Philadelphia, LLC, in the above-captioned matter. A trial jury by twelve (12) is hereby demanded.

**MORGAN & AKINS, PLLC**

**BY:** */s/ Mark T Gallagher*
MARK T. GALLAGHER, ESQUIRE
*Entering Attorney for Defendant, Sysco Corporation and Sysco Philadelphia, LLC.*

Dated: April 10, 2018

Case ID: 180302012

## CERTIFICATE OF SERVICE

I, Mark T. Gallagher, Esquire, do hereby certify that on April 10, 2018, I did file the foregoing Entry of Appearance through the Electronic Filing System of the Court of Common Pleas of Philadelphia County, which will electronically serve the following counsel of record. All parties not served electronically will be served via First-Class mail.

H. Leon Aussprung, III, MD, Esquire
James E. Hockenberry, Esquire
Law Office of Leon Aussprung MD, LLC
1429 Walnut Street, Suite 300
Philadelphia, PA 19102

Jeffrey f. Laffey, Esquire
V. Paul Bucci, Esquire
1435 Walnut Street, 7th Floor
Philadelphia. PA 19102

*Attorneys for Plaintiff*

Turner Construction Company
375 Hudson St.
6th Floor
New York, NY 10014

Crown Equipment Corporation
44 South Washington Street
New Bremen OH 45869

**MORGAN & AKINS, PLLC**

BY:     */s/ Mark T. Gallagher*
        MARK T. GALLAGHER, ESQUIRE
        *Entering Attorney for Defendant, Sysco*
        *Corporation and Sysco Philadelphia, LLC.*

2

Case ID: 180302012

GEORGE THOMAS

        Plaintiff,

vs.

SYSCO CORPORATION, SYSCO
PHILADELPHIA, LLC, TURNER
CONSTRUCTION COMPANY, and
CROWN EQUIPMENT
CORPORATION

        Defendants.

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

CIVIL ACTION – LAW

MARCH TERM, 2018

NO. 2012

*Filed and Attested by the office of Judicial Records 10 APR 2018 12:33 pm M. RUSSO*

## ORDER

    **AND NOW**, this _____ day of _____, 2018, upon consideration of the Preliminary Objections of Defendants, Sysco Corporation and Sysco Philadelphia, LLC, to Plaintiff's Complaint, and any response thereto, it is hereby **ORDERED** and **DECREED** that the Preliminary Objections are **SUSTAINED**.

    **IT IS FURTHER ORDERED AND DECREED** Defendants' Preliminary Objections in the nature of a motion to dismiss Plaintiff's Complaint are **SUSTAINED**, and Plaintiff's Complaint is hereby **DISMISSED** with prejudice as to Defendants, Sysco Corporation and Sysco Philadelphia, LLC.

                        **BY THE COURT:**

                        _____ J.

Case ID: 180302012
Control No.: 18041310

MARK T. GALLAGHER
Attorney I.D. No. 41362
**MORGAN & AKINS, PLLC**
The Graham Building
30 S. 15th Street, Suite 701
Philadelphia, PA 19102
(215) 634-9292
mgallagher@morganakins.com
*Attorneys for Defendants, Sysco Corporation and Sysco*
*Philadelphia, LLC.*



| GEORGE THOMAS | : | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| | : | PHILADELPHIA COUNTY |
| Plaintiff, | : | |
| | : | CIVIL ACTION – LAW |
| vs. | : | |
| | : | MARCH TERM, 2018 |
| SYSCO CORPORATION, SYSCO | : | |
| PHILADELPHIA, LLC, TURNER | : | NO. 2012 |
| CONSTRUCTION COMPANY, and | : | |
| CROWN EQUIPMENT | : | |
| CORPORATION | : | |
| | : | |
| Defendants. | : | |

---

**DEFENDANTS, SYSCO CORPORATION AND SYSCO PHILADELPHIA, LLC'S**
**PRELIMINARY OBJECTIONS TO PLAINTIFF'S COMPLAINT**

Defendants, Sysco Corporation and Sysco Philadelphia, LLC, by and through their

attorneys, Morgan & Akins, PLLC, hereby submit the following Preliminary Objections to

Plaintiff's Complaint.

**I.    PROCEDURAL HISTORY**

1.    The Plaintiff commenced the within action by way of Complaint filed on March

19, 2018. See Plaintiff's Complaint attached hereto as Exhibit A.

2.    The Plaintiff's Complaint was served on Defendants, Sysco Corporation and Sysco

Philadelphia, LLC via certified mail on March 23, 2018.

Case ID: 180302012
Control No.: 18041310

3.    Defendants, Sysco Corporation and Sysco Philadelphia, LLC now files the within Preliminary Objections to Plaintiff's Complaint before this Honorable Court for disposition.

## II.    STATEMENT OF FACTS ALLEGED IN THE COMPLAINT

4.    Plaintiff alleges that on July 1, 2016, he was working as a forklift operator at a warehouse owned and operated by defendants Sysco Corporation and Sysco Philadelphia, LLC (hereinafter "Moving Defendants") at 600 Packer Avenue, Philadelphia, Pennsylvania. See Exhibit A at ¶ 6.

5.    Plaintiff alleges that the warehouse in which he was working was designed, constructed and/or renovated by defendant Turner Construction Company. See Id. at ¶ 11.

6.    Plaintiff alleges that he was operating a forklift that was designed and manufactured by defendant Crown Equipment Company. See Id. at ¶ 13.

7.    Plaintiff alleges that after he placed a load of goods onto the racks, he began to back up when his forklift struck a concrete and/or metal pole crushing his leg. See Id.

8.    In Count I, Plaintiff asserts a claim against the Moving Defendants for negligence. See Exhibit A generally.

9.    Plaintiff alleges that the negligence of the Moving Defendants consisted of the following:

a.    failing to inspect, correct or have corrected, repair or protect the premises from dangerous and/or hazardous conditions existing in the area used by persons operating forklifts, said conditions existing for a long time prior to the date of the accident;

b.    allowing dangerous conditions to exist which defendants knew or should have known created a dangerous hazard to persons operating forklifts,

including the design and/or layout of the dry good aisles and/or obstructions in the dry goods aisles;

c.    allowing latent and hidden dangerous conditions to exist on defendants' premises;

d.    allowing a dangerous condition to exist in permitting the use of forklifts that had been used in the cooler and/or freezer to be used in the dry goods section and thereby creating condensation and therefore wet conditions in which to operate said forklifts;

e.    failure to properly and adequately maintain the premises, in particular, the aforesaid dry good aisles, warehouse, and forklifts;

f.    failure to warn forklift operators of the dangerous, hazardous and unsafe conditions on the premises as aforesaid, including, but not limited to, the dangers of using forklifts in the dry good section of the warehouse following their use in the cooler and/or freezer and failing to warn of dangerous obstructions within the dry goods aisles;

g.    failure to take reasonable precautions against the dangerous, hazardous and unsafe conditions of the premises;

h.    failure to provide guards and/or warnings in the area of the dangerous conditions to enable forklift operators safely to operate said forklifts on defendants' premises and/or to lessen the impact of an accident involving forklifts;

i.    failure to provide barricades in the area of the dangerous conditions to prohibit forklift operators to reduce the chance of injuries to such persons

resulting from the dangerous conditions of the premises, or in the alternative, improperly placing said barricades;

j.    failing to safely and appropriately design and/or layout the warehouse such that it is safe for use by forklift operators;

k.    failure to properly and adequately hire and/or instruct the agents, servants, workmen, employees and/or representatives, of defendants herein, as to safe an proper procedures for inspecting, maintaining, cleaning, correcting and repairing dangerous conditions on defendants' premises, including the dangerous conditions noted supra which caused plaintiff's injuries;

l.    failure to provide safe conditions for forklift operators on the premises;

m.    failure to act with due care and regard for the position and safety of others, in particular, plaintiff;

n.    failure to provide and maintain proper supervision of the premises;

o.    failure to provide and maintain proper safety precautions at the premises;

p.    failure to furnish a reasonable number and distribution of safety personnel and safety equipment at the premises;

q.    failure to respond in a timely manner to the insecure or dangerous conditions or situations at the premises;

r.    being otherwise negligent; and,

s.    such other negligent acts and/or failures to act as may be discovered during the course of discovery in this action.

See Id. at ¶ 21.

10.    Plaintiff sues Moving Defendants under a negligence theory only. <u>See</u> Exhibit A generally.

## III.    THE WORKERS' COMPENSATION ACTION

11.    Plaintiff's injuries were sustained in the course of his employment with the Sysco defendants. <u>See</u> Notice of Compensation Payable attached as Exhibit B.

12.    The Moving Defendants accepted the work injuries by way of a Notice of Compensation Payable in the nature of a "left leg contusion" and commenced payment and continues payment to Plaintiff of Workers' Compensation wage and medical benefits pursuant to Moving Defendants obligations under the Pennsylvania Workers' Compensation Act, 77 P.S. § 1 et. seq. <u>See</u> <u>Id</u>.

13.    Plaintiff has been and continues to receive weekly wage loss benefits from Moving Defendants.

14.    Moving Defendants have paid all bills for reasonable and necessary medical treatment Plaintiff has received to date that are casually related to Plaintiff's work related injury.

15.    Plaintiff, with the assistance of counsel has filed Petitions with the Pennsylvania Department of Labor & Industry Workers' Compensation Office of Adjudication seeking revision, modification and penalties added to his ongoing receipt of workers' compensation benefits. <u>See</u> Petitions attached as Exhibit C.

16.    The Petitions attached hereto as Exhibit C are presently pending before Workers' Compensation Judge Audrey Beach who has scheduled a hearing on the Workers' Compensation Petitions for April 11, 2018. <u>See</u> Notice of Hearing attached as Exhibit D.

## IV.    PLAINTIFF'S MOTION FOR PRE-COMPLAINT DISCOVERY

17.    On or about July 12, 2017, Plaintiff filed a Motion for Pre-Complaint Discovery against Moving Defendants. See Plaintiff's Motion for Pre-Complaint Discovery attached as Exhibit E.

18.    In said motion, Plaintiff sought the production of various documents and/or evidence relevant to the accident and the video of the accident. See Id.

19.    The Moving Defendants opposed the Plaintiff's motion on the basis that the documents requested by Plaintiff were not material and necessary to the filing of his Complaint and placed an unreasonable burden upon the Moving Defendants.

20.    On or about September 12, 2017, the Court denied Plaintiff's motion. See Order dated September 11, 2017 attached as Exhibit F.

## IV.    PLAINTIFF'S REQUEST FOR DISCOVERY

21.    Attached to Plaintiff's Complaint were the same discovery requests that Plaintiff sought via Motion for Pre-Complaint Discovery. See Plaintiff's discovery requests attached as Exhibit G.

## V.    ARGUMENT

22.    Pennsylvania Rule of Civil Procedure 1028 entitled Preliminary Objections provides, in pertinent part, that:

> Preliminary Objections may be filed by any party to any pleading and are limited to the following grounds:
>
> (1) lack of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or improper form or service of a writ of summons or a complaint;
> (2) failure of a pleading to conform to law or rule of Court or inclusion of scandalous or impertinent matter;
> (3) insufficient specificity in a pleading;
> (4) legal insufficiency of a pleading (demurrer)

Pa.R.C.P. 1028(a)(1) – (4).

A.    **This Honorable Court should dismiss Plaintiff's Complaint with prejudice as the Philadelphia Court of Common Pleas lacks jurisdiction over this matter as The Pennsylvania Workers' Compensation Act is the sole and exclusive means of recovery against an employer for all injuries arising out of accidents occurring within the course of employment.**

23.    Plaintiff's Worker's Compensation claim against Moving Defendants renders his status as their employee undeniable as a matter of law.

24.    In Pennsylvania, the liability of an employer for Workers Compensation claims "shall be exclusive and in place of any and all other liability . . . ." 77 P.S. § 481(a).

25.    Indeed, The Pennsylvania Workers' Compensation Act is the sole and exclusive means of recovery against an employer for all injuries arising out of accidents occurring within the course of employment. 77 P.S. §481(a); Morgan v. Harnischfeger Corp., 791 A.2d 1273, 1278 (Pa. Commw. 2002).

26.    Preliminary Objections are the appropriate remedy where, on the basis of the well-pled allegations of Plaintiff's Complaint, he cannot state a cause of action recognized at law. Pa.R.Civ.P. 1028(a)(4).

27.    Preliminary Objections are appropriately granted where it is "free and clear from doubt" that Plaintiff cannot recover. Humberston v. Chevron U.S.A., Inc., 75 A.3d 504 (2013).

28.    It is undisputed that Plaintiff was Moving Defendants' employee at the time of the incident on which Plaintiff's Complaint seeking damages is based.

29.    Accordingly, Plaintiff's Worker's Compensation Claim is his sole and exclusive means of recovery against the Moving Defendant. 77 P.S. §481(a); Morgan v. Harnischfeger Corp., 791 A.2d 1273, 1278 (Pa. Commw. 2002).

Case ID: 180302012
Control No.: 18041310

30.    77 P.S. § 481(a) limits an employer's tort exposure and grants an employee a statutory remedy for all work related injuries. In exchange for the right to compensation without the burden of establishing fault, employees gave up their right to sue the employer in tort for injuries received in the course of employment. An employer must assume liability under the Act regardless of fault in exchange for insulation from a potentially larger verdict in a common law action.

31.    Where an employee's injury is compensable under the Act, the compensation provided by the statute is the employee's exclusive remedy. Snyder, *supra* at 536–37 (internal citations and quotations marks omitted).

32.    In the instant matter, Plaintiff's Complaint is devoid of any allegations that the Moving Defendant designed or manufactured the forklift involved in the July 1, 2017 incident.

33.    Accordingly, Plaintiff's only recourse against Moving Defendants for his injuries sustained in the workplace is under Pennsylvania's Workers Compensation Act.

34.    It is respectfully submitted that Plaintiff's claim of negligence against Moving Defendants is without merit, as a matter of law and should be dismissed with prejudice.

WHEREFORE, Moving Defendants respectfully request that this Honorable Court sustain this Preliminary Objection pursuant to Pa.R.Civ.P. 1028(a)(4), and dismiss Plaintiff's Complaint against them with Prejudice.


                         MORGAN & AKINS, PLLC

                    BY:   /s/ Mark T Gallagher
                          MARK T. GALLAGHER, ESQUIRE
                          *Attorney for Defendants, Sysco Corporation and
                          Sysco Philadelphia, LLC.*


Dated:  April 10, 2018

MARK T. GALLAGHER
Attorney I.D. No. 41362
**MORGAN & AKINS, PLLC**
The Graham Building
30 S. 15th Street, Suite 701
Philadelphia, PA 19102
(215) 634-9292
mgallagher@morganakins.com
*Attorneys for Defendants, Sysco Corporation and Sysco Philadelphia, LLC.*



| | | |
|---|---|---|
| **GEORGE THOMAS** | : | **IN THE COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION – LAW** |
| **vs.** | : | |
| | : | **MARCH TERM, 2018** |
| **SYSCO CORPORATION, SYSCO** | : | |
| **PHILADELPHIA, LLC, TURNER** | : | **NO. 2012** |
| **CONSTRUCTION COMPANY, and** | : | |
| **CROWN EQUIPMENT** | : | |
| **CORPORATION** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## DEFENDANTS, SYSCO CORPORATION AND SYSCO PHILADELPHIA, LLC'S MEMORANDUM OF LAW IN SUPPORT OF PRELIMINARY OBJECTIONS TO PLAINTIFF'S COMPLAINT

### I.    MATTER BEFORE THE COURT

Defendants, Sysco Corporation and Sysco Philadelphia, LLC, by and through its attorneys, Morgan & Akins, PLLC, hereby submit the following Preliminary Objections to Plaintiff's Complaint pursuant to Pennsylvania Rule of Civil Procedure 1028. For the following reasons, it is respectfully requested that the within Preliminary Objections be sustained.

### II.    FACTS

The Plaintiff commenced the within action by way of Complaint filed on March 19, 2018. See Plaintiff's Complaint attached hereto as Exhibit A. The Plaintiff's Complaint was served on

Case ID: 180302012
Control No.: 18041310

Defendants Sysco Corporation and Sysco Philadelphia, LLC via certified mail on March 23, 2018. Defendants, Sysco Corporation and Sysco Philadelphia, LLC now files the within Preliminary Objections to Plaintiff's Complaint before this Honorable Court for disposition.

Plaintiff alleges that on July 1, 2016, he was working as a forklift operator at a warehouse owned and operated by defendants Sysco Corporation and Sysco Philadelphia, LLC (hereinafter "Moving Defendants") at 600 Packer Avenue, Philadelphia, Pennsylvania. See Exhibit A at ¶ 6. Plaintiff alleges that the warehouse in which he was working was designed, constructed and/or renovated by defendant Turner Construction Company. See Id. at ¶ 11. Plaintiff alleges that he was operating a forklift that was designed and manufactured by defendant Crown Equipment Company. See Id. at ¶ 13. Plaintiff alleges that after he placed a load of goods onto the racks, he began to back up when his forklift struck a concrete and/or metal pole crushing his leg. See Id.

In Count I, Plaintiff asserts a claim against the Moving Defendants for negligence. See Exhibit A generally. Plaintiff alleges that the negligence of the Moving Defendants consisted of the following:

a.  failing to inspect, correct or have corrected, repair or protect the premises from dangerous and/or hazardous conditions existing in the area used by persons operating forklifts, said conditions existing for a long time prior to the date of the accident;

b.  allowing dangerous conditions to exist which defendants knew or should have known created a dangerous hazard to persons operating forklifts, including the design and/or layout of the dry good aisles and/or obstructions in the dry goods aisles;

Case ID: 180302012
Control No.: 18041310

c.    allowing latent and hidden dangerous conditions to exist on defendants'
premises;

d.    allowing a dangerous condition to exist in permitting the use of forklifts that
had been used in the cooler and/or freezer to be used in the dry goods section
and thereby creating condensation and therefore wet conditions in which to
operate said forklifts;

e.    failure to properly and adequately maintain the premises, in particular, the
aforesaid dry good aisles, warehouse, and forklifts;

f.    failure to warn forklift operators of the dangerous, hazardous and unsafe
conditions on the premises as aforesaid, including, but not limited to, the
dangers of using forklifts in the dry good section of the warehouse following
their use in the cooler and/or freezer and failing to warn of dangerous
obstructions within the dry goods aisles;

g.    failure to take reasonable precautions against the dangerous, hazardous and
unsafe conditions of the premises;

h.    failure to provide guards and/or warnings in the area of the dangerous
conditions to enable forklift operators safely to operate said forklifts on
defendants' premises and/or to lessen the impact of an accident involving
forklifts;

i.    failure to provide barricades in the area of the dangerous conditions to
prohibit forklift operators to reduce the chance of injuries to such persons
resulting from the dangerous conditions of the premises, or in the
alternative, improperly placing said barricades;

j.      failing to safely and appropriately design and/or layout the warehouse such that it is safe for use by forklift operators;

k.      failure to properly and adequately hire and/or instruct the agents, servants, workmen, employees and/or representatives, of defendants herein, as to safe an proper procedures for inspecting, maintaining, cleaning, correcting and repairing dangerous conditions on defendants' premises, including the dangerous conditions noted supra which caused plaintiff's injuries;

l.      failure to provide safe conditions for forklift operators on the premises;

m.      failure to act with due care and regard for the position and safety of others, in particular, plaintiff;

n.      failure to provide and maintain proper supervision of the premises;

o.      failure to provide and maintain proper safety precautions at the premises;

p.      failure to furnish a reasonable number and distribution of safety personnel and safety equipment at the premises;

q.      failure to respond in a timely manner to the insecure or dangerous conditions or situations at the premises;

r.      being otherwise negligent; and,

s.      such other negligent acts and/or failures to act as may be discovered during the course of discovery in this action.

See Id. at ¶ 21. Plaintiff sues Moving Defendants under a negligence theory only. See Exhibit A generally.

Plaintiff's injuries were sustained in the course of his employment with the Sysco defendants. See Notice of Compensation Payable attached as Exhibit B. The Moving Defendants

accepted the work injuries by way of a Notice of Compensation Payable in the nature of a "left leg contusion" and commenced payment and continues payment to Plaintiff of Workers' Compensation wage and medical benefits pursuant to Moving Defendants obligations under the Pennsylvania Workers' Compensation Act, 77 P.S. § 1 et. seq. See Id. Plaintiff has been and continues to receive weekly wage loss benefits from Moving Defendants. Moving Defendants have paid all bills for reasonable and necessary medical treatment Plaintiff has received to date that are causally related to Plaintiff's work related injury.

Plaintiff, with the assistance of counsel has filed Petitions with the Pennsylvania Department of Labor & Industry Workers' Compensation Office of Adjudication seeking revision, modification and penalties added to his ongoing receipt of workers' compensation benefits. See Petition attached as Exhibit C. The Petitions attached hereto as Exhibit C are presently pending before Workers' Compensation Judge Audrey Beach who has scheduled a hearing on the Workers' Compensation Petitions for April 11, 2018. See Notice of Hearing attached as Exhibit D.

On or about July 12, 2017, Plaintiff filed a Motion for Pre-Complaint Discovery against Moving Defendants. See Plaintiff's Motion for Pre-Complaint Discovery attached as Exhibit E. In said motion, Plaintiff sought the production of various documents and/or evidence relevant to the accident and the video of the accident. See Id. The Moving Defendants opposed the Plaintiff's motion on the basis that the documents requested by Plaintiff were not material and necessary to the filing of his Complaint and placed an unreasonable burden upon the Moving Defendants. On or about September 12, 2017, the Court denied Plaintiff's motion. See Order dated September 11, 2017 attached as Exhibit F. Attached to Plaintiff's Complaint were the same discovery requests that Plaintiff sought via Motion for Pre-Complaint Discovery. See Plaintiff's discovery requests attached as Exhibit G.

III.  **STATEMENT OF QUESTIONS PRESENTED**

1.  Should Plaintiff's Complaint be dismissed with prejudice as a result of Moving Defendants' immunity from suit pursuant to the Pennsylvania Workers' Compensation Act?

Suggested Answer: Yes, the Philadelphia Court of Common Pleas lacks jurisdiction over this matter by virtue of the Pennsylvania Workers' Compensation Act.

IV.  **ARGUMENT**

Pennsylvania Rule of Civil Procedure 1028 entitled Preliminary Objections provides, in

pertinent part, that:

> Preliminary Objections may be filed by any party to any pleading and are limited to the following grounds:
>
> > (1) lack of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or improper form or service of a writ of summons or a complaint;
> > (2)  failure of a pleading to conform to law or rule of Court or inclusion of scandalous or impertinent matter;
> > (3) insufficient specificity in a pleading;
> > (4) legal insufficiency of a pleading (demurrer)

Pa.R.C.P. 1028(a)(1) – (4).

A.  **This Honorable Court should dismiss Plaintiff's Complaint with prejudice as the Philadelphia Court of Common Pleas lacks jurisdiction over this matter as The Pennsylvania Workers' Compensation Act is the sole and exclusive means of recovery against an employer for all injuries arising out of accidents occurring within the course of employment.**

Plaintiff's Worker's Compensation Claim against Moving Defendants renders his status

as their employee undeniable as a matter of law. In Pennsylvania, the liability of an employer for

Workers Compensation claims "shall be exclusive and in place of any and all other liability . . . ."

77 P.S. § 481(a). Indeed, The Pennsylvania Workers' Compensation Act is the sole and exclusive

Case ID: 180302012
Control No.: 18041310

means of recovery against an employer for all injuries arising out of accidents occurring within the course of employment. 77 P.S. §481(a); Morgan v. Harnischfeger Corp., 791 A.2d 1273, 1278 (Pa. Commw. 2002).

Preliminary Objections are the appropriate remedy where, on the basis of the well-pled allegations of Plaintiff's Complaint, he cannot state a cause of action recognized at law. Pa.R.Civ.P. 1028(a)(4). Preliminary Objections are appropriately granted where it is "free and clear from doubt" that Plaintiff cannot recover. Humberston v. Chevron U.S.A., Inc., 75 A.3d 504 (2013).

It is undisputed that Plaintiff was Moving Defendants' employee at the time of the incident on which Plaintiff's Complaint seeking damages is based. Accordingly, Plaintiff's Worker's Compensation Claim is his sole and exclusive means of recovery against the Moving Defendant. 77 P.S. §481(a); Morgan v. Harnischfeger Corp., 791 A.2d 1273, 1278 (Pa. Commw. 2002). 77 P.S. § 481(a) limits an employer's tort exposure and grants an employee a statutory remedy for all work related injuries. In exchange for the right to compensation without the burden of establishing fault, employees gave up their right to sue the employer in tort for injuries received in the course of employment. An employer must assume liability under the Act regardless of fault in exchange for insulation from a potentially larger verdict in a common law action. Where an employee's injury is compensable under the Act, the compensation provided by the statute is the employee's exclusive remedy. Snyder, supra at 536–37 (internal citations and quotations marks omitted).

In the instant matter, Plaintiff's Complaint is devoid of any allegations that the Moving Defendant designed or manufactured the forklift involved in the July 1, 2017 incident. Accordingly, Plaintiff's only recourse against Moving Defendants for his injuries sustained in the workplace is under The Pennsylvania's Workers Compensation Act, 77 P.S. § 1 et seq. It is

respectfully submitted that Plaintiff's claim of negligence against Moving Defendants is without merit, as a matter of law and should be dismissed with prejudice.

**V.    RELIEF**

WHEREFORE, Moving Defendants respectfully request that this Honorable Court sustain this Preliminary Objection pursuant to Pa.R.Civ.P. 1028(a)(4), and dismiss Plaintiff's Complaint against them with Prejudice.

MORGAN & AKINS, PLLC

BY:    /s/ Mark T Gallagher
MARK T. GALLAGHER, ESQUIRE
*Attorney for Defendants, Sysco Corporation and*
*Sysco Philadelphia, LLC.*

Dated:  April 10, 2018

Case ID: 180302012
Control No.: 18041310

## CERTIFICATE OF SERVICE

I, Mark T. Gallagher, Esquire, do hereby certify that on April 10, 2018, I did file the

foregoing Defendant's Sysco Corporation and Sysco Philadelphia, LLC's Preliminary Objections

to Plaintiff's Complaint through the Electronic Filing System of the Court of Common Pleas of

Philadelphia County, which will electronically serve the following counsel of record. All parties

not served electronically will be served via First-Class mail.

H. Leon Aussprung, III, MD, Esquire
James E. Hockenberry, Esquire
Law Office of Leon Aussprung MD, LLC
1429 Walnut Street, Suite 300
Philadelphia, PA 19102

Jeffrey f. Laffey, Esquire
V. Paul Bucci, Esquire
1435 Walnut Street, 7th Floor
Philadelphia. PA 19102

*Attorneys for Plaintiff*

Turner Construction Company
375 Hudson St.
6th Floor
New York, NY 10014

Crown Equipment Corporation
44 South Washington Street
New Bremen OH 45869

**MORGAN & AKINS, PLLC**

BY:    */s/ Mark T. Gallagher*

——————————————————
MARK T. GALLAGHER, ESQUIRE
*Attorney for Defendant, Sysco Corporation and
Sysco Philadelphia, LLC.*

Case ID: 180302012
Control No.: 18041310



Filed and Attested by the
Office of Judicial Records
10 APR 2018 12:33 pm
M. RUSSO

# EXHIBIT A

Case ID: 180302012

Control No.: 18041310

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**MARCH 2018**    **002012**

E-Filing Number: 1803041330

| | |
|---|---|
| PLAINTIFF'S NAME<br>GEORGE THOMAS | DEFENDANT'S NAME<br>SYSCO CORPORATION |
| PLAINTIFF'S ADDRESS<br>7656 SHERWOOD ROAD<br>PHILADELPHIA PA 19151 | DEFENDANT'S ADDRESS<br>1390 ENCLAVE PARKWAY<br>HOUSTON TX 77077-2099 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>SYSCO PHILADELPHIA, LLC |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>600 PACKER AVENUE<br>PHILADELPHIA PA 19148-5304 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>TURNER CONSTRUCTION COMPANY |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>375 HUDSON STREET 6TH FLOOR<br>NEW YORK NY 10014 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 4 | ☒ Complaint    ☐ Petition Action    ☐ Notice of Appeal<br>☐ Writ of Summons    ☐ Transfer From Other Jurisdictions |

**AMOUNT IN CONTROVERSY**
☐ $50,000.00 or less
☒ More than $50,000.00

**COURT PROGRAMS**
☐ Arbitration
☒ Jury
☐ Non-Jury
☐ Other:

☐ Mass Tort
☐ Savings Action
☐ Petition

☐ Commerce
☐ Minor Court Appeal
☐ Statutory Appeals

☐ Settlement
☐ Minors
☐ W/D/Survival

**CASE TYPE AND CODE**
20 - PERSONAL INJURY - OTHER

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

**FILED
PRO PROTHY**

MAR 19 2018

**C. MILLER**

**IS CASE SUBJECT TO
COORDINATION ORDER?**
YES    NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: GEORGE THOMAS

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>JAMES E. HOCKENBERRY | ADDRESS<br>1429 WALNUT STREET<br>SUITE 300<br>PHILADELPHIA PA 19102 |
|---|---|
| PHONE NUMBER<br>(267)809-8250 | FAX NUMBER<br>(888)800-5731 | |
| SUPREME COURT IDENTIFICATION NO.<br>91133 | E-MAIL ADDRESS<br>jh@aussprunglaw.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>JAMES HOCKENBERRY | DATE SUBMITTED<br>Monday, March 19, 2018, 08:00 am |

FINAL COPY (Approved by the Prothonotary Clerk)

Case ID: 180302012

Control No.: 18041310

COMPLETE LIST OF DEFENDANTS:

1. SYSCO CORPORATION
   1390 ENCLAVE PARKWAY
   HOUSTON TX 77077-2099
2. SYSCO PHILADELPHIA, LLC
   600 PACKER AVENUE
   PHILADELPHIA PA 19148-5304
3. TURNER CONSTRUCTION COMPANY
   375 HUDSON STREET 6TH FLOOR
   NEW YORK NY 10014
4. CROWN EQUIPMENT CORPORATION
   44 SOUTH WASHINGTON STREET
   NEW BREMEN OH 45869

**LAW OFFICE OF LEON AUSSPRUNG MD, LLC**
By:    H. Leon Aussprung, III, MD, Esquire
           Identification No.:  80183
           James E. Hockenberry, Esquire
           Identification No.: 91133
1429 Walnut Street, Suite 300
Philadelphia, PA  19102
267-809-8250 (p)
888-800-5731 (f)
LA@aussprunglaw.com                         *Counsel for Plaintiff*
JH@aussprunglaw.com

**LAFFEY, BUCCI & KENT, LLC**
By:    Jeffrey F. Laffey, Esquire
           Identification No.: 82284
           V. Paul Bucci, Esquire
           Identification No.: 87394
1435 Walnut Street, 7th Floor
Philadelphia, PA 19102
215-399-9254
jlaffey@laffeybuccikent.com                   *Counsel for Plaintiff*
pbucci@laffeybuccikent.com

| | |
|---|---|
| GEORGE THOMAS<br>7656 Sherwood Road<br>Philadelphia, PA 19151<br><br>                   Plaintiff,<br><br>        vs.<br><br>SYSCO CORPORATION<br>1390 Enclave Parkway<br>Houston, TX 77077-2099<br><br>        and<br><br>SYSCO PHILADELPHIA, LLC<br>600 Packer Avenue<br>Philadelphia, PA 19148-5304<br><br>        and | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>MARCH TERM, 2018<br><br>No.: |

Case ID: 180302012

Case ID: 180302012

Control No.: 18041310

| | |
|---|---|
| TURNER CONSTRUCTION COMPANY<br>375 Hudson Street, 6th Floor<br>New York, NY 10014<br><br>and<br><br>CROWN EQUIPMENT CORPORATION<br>44 South Washington Street<br>New Bremen, OH 45869<br><br>        Defendants. | |

## Complaint Civil Action (Negligence)

**"NOTICE"**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property of other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
One Reading Center
1101 Market Street
Philadelphia, Pennsylvania 19107
(215) 238-6333

**"AVISO"**

"Le han demandado en corte. Si usted desea defender contra las demandas dispuestas en las páginas siguientes, usted debe tomar la acción en el plazo de veinte (20) días después de esta queja y se sirve el aviso, incorporando un aspecto escrito personalmente o y archivando en escribir con la corte sus defensas u objeciones a las demandas dispuestas contra usted el abogado le advierte que que si usted no puede hacer así que el caso puede proceder sin usted y un juicio se puede incorporar contra usted compra la corte sin aviso adicional para cualquier dinero demandado en la queja o para cualquier otra demanda o relevación pedida por el demandante. Usted puede perder el dinero o la característica de otra endereza importante a usted.

USTED DEBE LLEVAR ESTE PAPEL SU ABOGADO INMEDIATAMENTE. SI USTED NO HACE QUE UN ABOGADO VAYA A O LLAME POR TELÉFONO La OFICINA DISPUESTA ABAJO, ESTA OFICINA PUEDE PROVEER DE USTED LA INFORMACIÓN SOBRE EMPLEAR A UN ABOGADO. SI USTED NO PUEDE PERMITIRSE AL HIRE A UN ABOGADO, ESTA OFICINA PUEDE PODER PROVEER DE USTED LA INFORMACIÓN SOBRE LAS AGENCIAS QUE LOS SERVICIOS JURÍDICOS DE LA OFERTA DE MAYO A LAS PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO O NINGÚN HONORARIO

SERVICIO DE REFERENCIA LEGAL
One Reading Center
1101 Market Street
Filadelfia, Pennsylvania 19107
Teléfono (215) 238-6333

Case ID: 180302012

Case ID: 180302012

Control No.: 18041310